PHELAN *v*. WEBB.

5-1781                                    321 S. W. 2d 762

Opinion delivered March 2, 1959.

[Rehearing denied April 6, 1959]

*Wendell O. Epperson,* for appellant.

*Joe W. McCoy,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellee, J. A. Webb, and appellant, Calvin Phelan, married sisters, Josephine and Nordelia respectively, the daughters of S. S. Nuesch. On August 12, 1949, S. S. Nuesch and wife conveyed to appellee, Webb, and wife, Josephine, as tenants by the entirety, a lot 110 x 300 feet in Malvern, Arkansas, adjoining the home of appellant and wife. Thereafter, on May 2, 1951, appellee and his wife borrowed $250.00 from W. P. Harper and wife, evidenced by a note secured by a mortgage on the lot. Sometime prior to January 1957 appellee and his wife separated and Josephine went to live at the home of appellant and wife (her sister). On February 22, 1957, Harper sold and assigned the note and mortgage to Phelan for the amount then due, including interest, in the sum of $265.00. On July 9, 1957, appellee, Webb, and his wife were divorced. A property settlement was had between them wherein appellee, Webb, deeded his interest in the lot here in question to his wife, Josephine Webb. This deed was recorded July 10, 1957 and provided that Jose-

phine was to assume the note and mortgage, ". . . now outstanding against said property by the grantee," Josephine. Thereafter, on July 12, 1957, Josephine Webb conveyed by quitclaim deed her interest in the property to appellant, Phelan, and wife for a consideration of $1,000.00, $500.00 of which was paid by Phelan, leaving a balance of $500.00 due and payable to Josephine Webb. On July 30, 1957, appellant, Phelan, brought the present suit against appellee, J. A. Webb, for alleged balance due of the indebtedness created by the note assigned to him by Harper in the amount of $290.00, principal and interest. Josephine was not made a defendant, nor was the mortgage given to secure the note in question mentioned in his complaint. After various pleadings had been filed and presented, the cause was transferred, on appellee's motion, to Hot Spring Chancery Court, which, after hearing the case, entered a decree in favor of appellee, Webb, and dismissed appellant's complaint for want of equity. The Chancellor's findings contained these recitals: "In the sale of the lands from Josephine Webb to this plaintiff she received and is to receive more than the debt against her and this defendant and in that property right's settlement she agreed to assume same and make the payment and is yet to receive from the sale $500.00, such part of which she can and should apply to said debt and receive credit for said sum, so deducted by Phelan.

"Without discussing what procedure would be necessary for this defendant, J. A. Webb, to pursue, the court is of the opinion and doth hold that should this defendant be required to pay this debt it would be a gross injustice. The court is of the opinion and doth find that the complaint of the plaintiff be and is hereby dismissed for want of equity for reasons set out and costs adjudged against the plaintiff."

This appeal followed. For reversal, appellant relies primarily on his contention that, "The finding of the trial court was contrary to the evidence and equity."

We do not agree. Material facts, as above set forth, appear not to be in dispute. It appears that Phelan

(appellant) now has in his hands, and is holding, $500.00 of Josephine Webb's money from the sale of the lot here in question by Josephine Webb, its owner, to Phelan for $1,000.00. This $500.00 is more than enough to pay the full amount ($265.00) which Phelan claims to be due him, and which amount Josephine agreed to assume and pay as part of the consideration in the deed to the lot made to her by her husband, Webb, in their property settlement. In order, therefore, to avoid circuity of actions and to end this litigation, we hold that appellant, Phelan, could and should in the circumstances, withhold from the money in his hands belonging to Josephine, an amount sufficient to satisfy his claim and that the trial court was correct in so holding in effect.

Affirmed.